IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

T-MOBILE, NORTHEAST, LLC, :
:
    Plaintiff, :
: C.A. No. 16-1108-ER
v. :
:
CITY OF WILMINGTON, DELAWARE :
AND CITY OF WILMINGTON ZONING :
BOARD OF ADJUSTMENT, :
:
    Defendants. :

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                             March 26, 2018

       Before the Court are Plaintiff's motion for summary judgment, Defendants' cross-motion for summary judgment and alternative motion to dismiss, and Defendants' motion to dismiss the amended complaint. Defendants assert, inter alia, that T-Mobile's initial complaint was untimely under 47 U.S.C. § 332(c), the Telecommunications Act of 1996 ("TCA"), and Delaware state law. Defendants further contend that T-Mobile's amended complaint fails to relate back to its initial complaint and is itself untimely as it was filed too late.[1] For the reasons set forth below, the Court will grant Defendants' motion for summary judgment.

---

[1]     T-Mobile raised the untimeliness issue in its motion and response and the Defendants addressed it in their reply. During oral argument the Court requested additional briefing on the issue. In response, the parties filed several letter briefs, T-Mobile sought and received permission to file an amended complaint, and Defendants filed a motion to dismiss that complaint which was fully briefed by both sides. The amended complaint merely adds the allegation that the Zoning Board filed the written decision denying T-Mobile's application. This fact was known to all parties well before the oral argument and, as shown below, its inclusion in the pleading does not change the ultimate outcome.

    In that discovery is complete, there are no previously unknown facts in the amended complaint, and the untimeliness issue has been more than fully briefed by the parties,

I.      FACTUAL AND LEGAL BACKGROUND

T-Mobile submitted an application to the Zoning Board to build a cell antenna to expand its cell service/coverage in Wilmington, Delaware on February 26, 2016 and filed an amended application on August 25, 2016. The Zoning Board held a public hearing on October 26, 2016 to determine whether to grant the application. At the hearing, the members of the Zoning Board individually orally voted to deny the application. On November 28, 2016, T-Mobile filed its lawsuit against the Zoning Board, claiming, inter alia, that the Zoning Board used impermissible factors in deciding whether to grant the application. On December 21, 2016, the Zoning Board issued its written decision.[2] T-Mobile filed its amended complaint on January 8, 2018 adding this detail.

The parties make various arguments in their motions. However, the Court need address only one and concludes that the suit is untimely under the TCA and Delaware state law since it was filed before the issuance of the written decision, which is the final decision of the

---

the Court sees no reason to deny the motions filed before the amended complaint as moot and require the filing of new motions. Moreover, to simplify the procedural posture of the multiple motions and letter briefs, and since the court has provided reasonable notice to the parties allowing them to fully respond to the untimeliness issue, the Court will deem all of the parties' associated motions and submissions as arguments under Fed. R. Civ. P. 56. See, e.g., Fed. R. Civ. P. 56(f) (allowing the court to grant judgment for independent reasons after notice).

[2]    T-Mobile suggests that because the Zoning Board did not file its written decision until ten months after T-Mobile's initial application, the Zoning Board missed the 90 day "shot clock," which the FCC has indicated is a presumptively reasonable time in which to address an application. 24 F.C.C.R. 13994 & 13995 (indicating that if a zoning board misses the applicable shot clock, the applicant may bring a suit under 42 U.S.C. § 332(c)(7)(B)(v) for the board's failure to act). However, T-Mobile makes this suggestion in connection with other arguments and does not seek individual relief on this basis. The parties also disagree whether the 90 day shot clock for collocation applications or the 150 day shot clock for all other applications applies. Similarly, they disagree on the effect of T-Mobile's alleged postponement of the zoning hearing. Since T-Mobile does not seek any relief under Section 332(c)(7)(B)(v), the Court will not address this issue further.

Zoning Board. Moreover, to the extent the amended complaint relates back to the initial complaint, it cannot cure the untimeliness of the initial complaint and was itself untimely filed.

## II. LEGAL STANDARDS

Summary judgment should be granted when there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of fact is genuine when no reasonable jury could come to the opposite conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Furthermore, a dispute of fact is material when it "might affect the outcome of the suit under the governing law." Id. at 248. A movant is entitled to summary judgment if the non-movant has failed to sufficiently show an essential element of its case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Courts considering cross-motions for summary judgment will treat each motion independently. Arnold Pontiac-GMC, Inc. v. General Motors Corp., 700 F. Supp. 838, 840 (W.D. Pa. 1988) (citing Rains v. Cascades Industries, Inc., 402 F.2d 241, 245 (3d Cir. 1968).

"Any person adversely affected by any final action or failure to act . . . that is inconsistent with this subparagraph may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction . . . ." 47 U.S.C. § 332(c)(7)(B)(v) (emphasis added). "A 'final decision' is a particular type of agency action, and not all agency determinations are final decisions." Bacon v. Sullivan, 969 F.2d 1517, 1519-20 (3d Cir. 1992) (citing Califano v. Sanders, 430 U.S. 99, 107-08 (1977)). Several circuit courts have held that the "final action" in the TCA context is the written decision issued by the Zoning Board at the conclusion of its decision process. USCOC of Greater Mo. v. City of Ferguson, 583 F.3d 1035, 1041 (8th Cir. 2009); Omnipoint Holdings, Inc. v. City of Southfield, 355 F.3d 601, 607 (6th Cir. 2004); Preferred Sites, LLC v. Troup Cty., 296 F.3d 1210, 1217 (11th Cir. 2002).

A pleading "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The relation back doctrine can allow parties to "sidestep" statutes of limitations, "thereby permitting resolution of a claim on the merits, as opposed to a technicality." Glover v. F.D.I.C., 698 F.3d 139, 145 (3d Cir. 2012) (citing Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010)). Relation back is mandatory; equitable considerations are only made under the separate and distinct Rule 15(a) analysis. See Arthur v. Maersk, Inc. 434 F.3d 196, 202-03 (3d Cir. 2006). Under the relation back doctrine, the issue is whether there is a "common core of operative facts in the two pleadings." Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).

## III. DISCUSSION

### A. Timeliness

The salient issue in this case is what action by the Zoning Board constituted the "final action" under the TCA triggering the thirty-day countdown window during which T-Mobile was required to file its lawsuit challenging the action of the Zoning Board. T-Mobile argues that the oral vote taken at the October 26, 2016 Zoning Board hearing constituted the final action for purposes of the TCA. Defendants, on the other hand, contend that the final action did not occur until the Zoning Board issued its written decision on December 22, 2016. If final action did not occur until the written decision was issued, then T-Mobile's lawsuit was untimely.

All three circuit courts of appeal that have considered this exact question under Section 332(c) have determined that the final action of the zoning board or commensurate agency is the written decision formally denying the application. In Preferred Sites, the Eleventh Circuit determined that the "'final action' occurs when the state or local authority issues its written decision." 296 F.3d at 1217 (further providing that "[u]ntil the state or local authority

4

issues its written notification, its task under the statute is not complete"). The Sixth Circuit ruled similarly in <u>Omnipoint Holdings</u> that "the council resolution is the only document which would definitively show the formal action taken by the council." 355 F.3d at 607. Finally, the Eighth Circuit followed suit when it held "'final action' under 47 U.S.C. § 332(c)(7)(B)(v) occurs when a state or local government issues a written decision denying an application to construct a wireless service facility." <u>USCOC</u>, 583 F.3d at 1041.

Moreover, the need for a bright line to determine "final action," is of practical importance in that under the statute, a person aggrieved by the governmental action has only a short period of time (thirty days) in which to "commence an action." 47 U.S.C. § 332(c)(7)(B)(v). To permit anything other than a written decision to be considered "final action" would promote a pernicious ambiguity as to when that short period of time begins to run.[3]

This interpretation is also consistent with Delaware law, which is relevant in that Plaintiff alleges a state law violation. Under Delaware law, much like under Section 332(c), an aggrieved party has "30 days after the filing of the decision in the office of the board" to appeal a zoning board decision. Del. Code Ann. tit. 22, § 328 (2017). This language refers to the "filing of the decision," which Delaware courts have determined means that the final action of the zoning board occurs when the zoning board <u>files</u> its written decision in its office. <u>See, e.g.</u>, <u>McDonald's Corp. v. Zoning Bd. Of Adjustment for the City of Wilmington</u>, No. 01A-05-011CG, 2002 WL 88944, at *1 (Del. Super. Ct. Jan. 10, 2002).

The Court sees no reason to depart from the well-articulated standards set forth by these courts under federal and state law. No court has previously held that an oral vote taken at a zoning board hearing could or would constitute a final decision under the statute. The rule makes

---

[3] Otherwise, would an oral decision by some but not all members of the board, or an oral decision where each of the board members cited different individual concerns (as was the case here), create a final action?

logical and statutory sense. Because T-Mobile did not file a pleading within thirty days following the issuance of the written decision by the Zoning Board denying its application to build a cell antenna, and instead filed its initial pleading within thirty days of the oral decision, the initial complaint was untimely. Moreover, the amended complaint alone cannot save the action because it was also filed outside of the thirty day window.

    **B. <u>Relation Back</u>**

T-Mobile's initial complaint was untimely. As a result, it can only proceed in this matter if its amended complaint, filed over a year after the issuance of the written decision, relates back to the initial complaint and cures the untimeliness. The only additional allegation made by T-Mobile in its amended complaint is the existence and filing of the Zoning Board's written decision. While the amended complaint may relate back to the initial complaint in that it arises out of the same common core of operative facts, <u>Bensel</u>, 387 F.3d at 310, it fails to cure the deficiencies of the initial complaint and must be dismissed.

Rule 15(c) provides that when an amended pleading asserts a claim that arose out of the conduct described in the original pleading, the amendment "relates back to the date of the original pleading." Fed. R. Civ. P. 15(c). Under the facts of this case, Rule 15(c) is not helpful to T-Mobile because, as of the date of the original pleading to which T-Mobile wants the amended complaint to relate back, the claims alleged therein had not ripened, i.e. the Zoning Board had not issued its written decision. Therefore, under Rule 15(c) there is no adequate relation back since the initial claim was not ripe as of the date of the filing. See <u>Del. Riverkeeper Network v. Sec'y Pa. Dep't of Envtl. Prot.</u>, 833 F.3d 360, 384-85 (3d Cir. 2016) (holding that a challenge to an agency action must be "ripe for review" and finding that, even though the underlying claim became ripe for review during the pendency of the case, the ripening of the claim did not cure deficient pleadings).

T-Mobile cites to Green Mountain Reality Corp. v. Leonard to show that an untimely amended complaint which relates back to an untimely initial complaint can cure that deficiency. No. 09-11559-RWZ, 2010 WL 1461590, at *2 (D. Mass. Apr. 9, 2010). This Court disagrees with the reasoning in Green Mountain. In arriving at its decision, the Green Mountain court relied on cases where a timely-filed amended complaint sought to amend an unripe initial complaint. See, e.g., Hertz Corp. v. Enter. Rent-a-Car Co., 557 F. Supp. 2d 185, 191-92 (D. Mass. 2008) (rejecting a motion to dismiss an amended complaint in a patent case where the amended complaint was filed two weeks after the patent was issued). Here, in that the amended complaint was not timely filed, i.e. it was not filed within thirty days of the issuance of the written decision, it cannot cure the untimeliness of the initial complaint (which was filed before the final action of the Zoning Board).

**CONCLUSION**

For the reasons set forth, the Court will grant the Zoning Board's motion for summary judgment and deny T-Mobile's cross-motion for the same.

An appropriate order follows.