# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| T-MOBILE NORTHEAST LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 16-1108 ER |
| | ) |
| CITY OF WILMINGTON, DELAWARE, and | ) |
| CITY OF WILMINGTON ZONING BOARD | ) |
| OF ADJUSTMENT, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF T-MOBILE NORTHEAST LLC'S
## RENEWED MOTION FOR SUMMARY JUDGMENT

Plaintiff T-Mobile Northeast LLC ("T-Mobile") respectfully moves for summary judgment on causes of action II-V of T-Mobile's First Amended Complaint against Defendants City of Wilmington, Delaware and City of Wilmington Zoning Board of Adjustment (collectively, the "City") on the following grounds:

1. The denial is not supported by "substantial evidence" in the written record, as required by Section 332(c)(7)(B)(iii) of the federal Communications Act ("the Act"), 47 U.S.C. § 332(c)(7)(B)(iii), and is arbitrary and capricious and unlawful under Delaware law. Contrary to the City's post hoc assertions, T-Mobile submitted extensive testimony and evidence demonstrating a current service need and its evaluation of alternatives. In addition, generalized opposition to wireless, fear of radio frequency emissions, and speculation about future installations by other companies are not substantial evidence.

2. The denial violates Section 332(c)(7)(B)(iv) of the Act, 47 U.S.C. § 332(c)(7)(B)(iv), because it was based on the overwhelming testimony expressing fears of RF emissions. T-Mobile's installation will not be visible as a wireless facility. The objections heard by the City were explicit in their fear of RF emissions, and those that were not explicit, were coached, pretextual assertions.

3. The denial has the effect of prohibiting T-Mobile from providing wireless service in violation of Section 332(c)(7)(B)(i)(II) of the Act, 47 U.S.C. § 332(c)(7)(B)(i)(II). The Federal Communications Commission ("FCC") recently issued a Declaratory Ruling that clarifies the standard governing whether the denial effectively prohibits the provision of wireless service. Summary judgment is appropriate for T-Mobile

under both the prior standard and the FCC's clarification. The denial violated Section 332(c)(7)(B)(i)(II) under the prior standard because (1) T-Mobile has demonstrated a significant gap in its service caused by a lack of network capacity, leaving customers without service; (2) T-Mobile's proposed installation is the least intrusive means of remedying the significant gap; and (3) T-Mobile has undertaken a good faith investigation of alternative designs, technologies, and locations. The City's denial is even more clearly unlawful under the standard established by the FCC's Declaratory Ruling. It materially inhibits and limits T-Mobile from competing in a nondiscriminatory regulatory environment by preventing it from deploying the facilities it needs to achieve its service goals and performance characteristics.

4. As a result of the City's violations of Section 332(c)(7)(B), the Court should issue an order requiring the City to grant T-Mobile's Application.

This Motion is based on the accompanying Brief in Support of T-Mobile's Motion, the Declarations of Richard Conroy and T. Scott Thompson, and upon the papers, records and pleadings on file with the Court.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| T. Scott Thompson<br>DAVIS WRIGHT TREMAINE LLP<br>1919 Pennsylvania Ave. NW, Suite 800<br>Washington D.C. 20006<br>(202) 973-4200 | By: */s/ Jennifer C. Wasson*<br>Jennifer C. Wasson (#4933)<br>Alan R. Silverstein (#5066)<br>1313 North Market St., Sixth Floor<br>Hercules Plaza<br>Wilmington, Delaware 19801<br>(302) 984-6000<br>jwasson@potteranderson.com<br>asilverstein@potteranderson.com |
| Dated: March 25, 2019 | *Attorneys for Plaintiff T-Mobile Northeast LLC* |